■ MAE DEVLIN, Respondent, v. 80-34 AVENUE CORPORATION, Appellant.— In a negligence action to recover damages for personal injury, the defendant appeals from so much of an order of the Supreme Court, Queens County, dated March 28, 1963: (1) as denied its motion to dismiss the action for lack of prosecution upon condition that the plaintiff notice the action for trial at the next available term immediately after she has completed the defendant's pretrial examination; and (2) as directed defendant to appear for such examination by plaintiff on a specified date. Order, insofar as appealed from, reversed without costs; and defendant's motion to dismiss the action for lack of prosecution granted, and complaint dismissed. In our opinion, plaintiff has failed to offer a reasonable, adequate excuse for her failure to diligently proceed with the prosecution of this action. Issue was joined on October 6, 1960. The defendant's motion to dismiss the action pursuant to statute and rule (Civ. Prac. Act, § 181; Rules Civ. Prac., rule 156), for failure to diligently prosecute it, was

made returnable on January 16, 1963. In opposition to such motion, plaintiff submitted an affidavit of merits and an affidavit by an attorney, in which the attorney stated: (a) that he is associated with the plaintiff's attorneys; (b) that this matter was assigned to him for all purposes *for the first time* in December, 1962, when the instant motion papers were served; (c) that this matter had previously been in charge of another attorney in the office who is no longer associated with the firm and who, to the best of the deponent's knowledge, is not presently in this country; and (d) that deponent is unaware of the reason for the delay in placing the matter on the trial calendar and can only sugges. that the delay, at worst, was the result of innocent inadvertence. What, if any, activities on the part of the defendant or its representatives may have also contributed to this delay is, of course, unknown to such deponent. No other excuse is offered for the delay of 26 months in placing the case on the calendar. In our opinion, such explanation is insufficient to excuse the unreasonable delay in placing the case on the calendar (*Davis* v. *Cunard S. S. Co.*, 284 App. Div. 1036; *Topp* v. *Casco Prods. Corp.*, 8 A D 2d 727; *Brassner Mfg. Co.* v. *Consolidated Edison Co. of N. Y.*, 1 A D 2d 840; *Gray* v. *Yale Transp. Corp.*, 11 A D 2d 1072). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.